IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES AND LORI HENDRIX<br>2580 Sherwin Rd.<br>Columbus, Ohio 43221<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Gregory G. Lockhart<br>United States Attorney<br>303 Marconi Boulevard, Suite 200<br>Columbus, Ohio 43215<br><br>　　　　　Defendant. | Case No. _____<br><br>Judge _____<br><br>**JURY DEMAND ENDORSED**<br>**HEREON** |

## COMPLAINT

NOW COMES the Plaintiffs, James D. Hendrix and Lori L. Hendrix (hereinafter referred to as the "Hendrixes" or the "Plaintiffs"), by and through counsel, and for their Complaint herein state as follows:

**I.   VENUE AND JURISDICTION**

1.　　This action arises under the provisions of Title 28, Section 1346(a)(1) of the United States Code and also Title 26, Section 7422 for the recovery of federal income tax and related interest, erroneously and illegally collected from the Plaintiffs by the Internal Revenue Service ("IRS").

2.　　The Plaintiffs, James and Lori Hendrix, husband and wife, are citizens of the United States and currently reside at 2580 Sherwin Rd., Columbus, Franklin County, Ohio, within the Southern District of Ohio, Eastern Division.

3.      The Defendant is the United States of America – specifically acting through the Internal Revenue Service, Department of Treasury.

## II.     COUNT 1 -- REFUND OF TAXES ERRONEOUSLY AND ILLEGALLY ASSESSED AND COLLECTED

4.      The Plaintiffs incorporate herein paragraphs 1 through 3 of the Plaintiffs' Complaint.

5.      On or about October 15, 2005, the Plaintiffs filed a joint IRS Form 1040, U.S. Individual Income Tax Return, for tax year 2004. This return reported a charitable contribution deduction totaling $287,400 based upon their charitable contribution of their residential structure property to the City of Upper Arlington Fire Department for training and burn down exercises.

6.      The Plaintiffs properly documented and substantiated the charitable contribution deduction, including all forms and information as part of their 2004 tax return, including attaching IRS Form 8323, and a certification of the fair market value of the charitable deduction by a licensed appraiser.

7.      Sometime after the Plaintiffs filed their 2004 joint federal income tax return, the IRS audited the return and disallowed the charitable contribution deduction.

8.      On or about May 21, 2008, the Plaintiffs executed an IRS Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, agreeing to the immediate assessment of the resulting tax liability of $100,590 arising from the IRS's disallowance of their charitable contribution deduction.

9.      On April 10, 2008, the Plaintiffs paid the IRS $125,052.85. This amount represented the tax liability of $100,590 and interest accrued to that date of $24,462.85.

10. Pursuant to the requirements set forth in 26 U.S.C. Section 7422, on or about July 25, 2008, the Plaintiffs filed a Claim for Refund with the IRS seeking a refund of $100,590 erroneously collected by the IRS.

11. The IRS has not responded to the claim for refund but six (6) months has passed since the filing of the Claim for Refund.

12. The IRS erroneously, illegally, and arbitrarily disallowed the Plaintiffs' charitable contribution deduction as reported on their 2004 joint federal income tax return and the IRS's position is not supported by law.

13. Title 26 U.S.C. §170(f)(3) is not applicable to this charitable contribution and deduction because this contribution constitutes the Taxpayers' entire interest in their residential structure.

14. Title 26 U.S.C. §170(f)(3) is not expressly applicable pursuant to its terms or the terms of the underlying regulations to this type of charitable contribution. Neither the Internal Revenue Code provision, nor the regulations under §170 expressly prohibit a charitable contribution of the Taxpayers' entire interest in a residential structure. Since this contribution meets all of the requirements of Code Section 170, this deduction is allowable.

15. The contribution of these types of residential structures further a legitimate and important governmental function by allowing fire departments and other law enforcement agencies to receive actual training using an actual residential structure situated in their community and ultimately burning it down as a controlled burn rather than obtaining training from simulated means. This is a valid and important governmental purpose and should not be frustrated by an erroneous interpretation and application of the Internal Revenue Code to frustrate these types of charitable contributions and contributions to the overall community.

16. The Taxpayers meticulously complied with all of the numerous compliance requirements for claiming this type of charitable contribution, including obtaining a qualified appraisal and appending this information to their 2004 tax return.

17. The amount of the charitable contribution deduction was determined by the Taxpayers obtaining a qualified appraisal of the property and specifically determining the fair market value of the residential structure that was contributed to the Upper Arlington, Ohio Fire Department for training and burn down exercises. Thus, the value of this contribution is supported by expert opinions of this qualified appraiser and other qualified expert appraisers. The value was determined based upon the fair market value of the structure on the date of the contribution. Alternatively, the value can be determined based upon the value of the benefit to the Upper Arlington, Ohio Fire Department.

WHEREFORE, the Plaintiffs demand judgment and other relief against the Defendant as follows:

1. Judgment for the sum of $100,590, plus interest;

2. Judgment for interest on the aforesaid sum allowed by law from the date of payment;

3. Judgment for attorney fees and other costs herein extended; and

4.  All other relief to which the Plaintiffs may be entitled.

                    Respectfully submitted,

                    Terrence A. Grady (0020845)
                    Terrence A. Grady and Associates Co., L.P.A.
                    100 East Broad Street, Suite 2310
                    Columbus, Ohio 43215
                    Phone: (614) 849-0378
                    Facsimile: (614) 849-0379
                    Email: tgrady@tgradylaw.com
                    Attorneys for Plaintiffs James and Lori Hendrix

## JURY DEMAND

Plaintiffs demand a trial by jury in this action as to all triable issues to a jury.

_____
Terrence A. Grady (0020845)
Trial Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served by certified mail, postage prepaid, this 24th day of February 2009, upon the following:

Office of Gregory G. Lockhart
Civil Process Clerk
United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, OH 43215

District Counsel's Office
Internal Revenue Service
312 Elm Street, Suite 2300
Cincinnati, OH 45202

Eric Holder
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Department of Justice
Tax Division
555 Fourth Street, NW, Room 7804
Washington, D.C. 20001

Terrence A. Grady (0020845)